UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Susan Dau, | Case No. 14-cv-01230 JNE-FLN |
| Plaintiff, | |
| vs. | **ANSWER** |
| Hartford Life and Accident Insurance Company, | |
| Defendants. | |

---

Defendant Hartford Life and Accident Insurance Company ("Hartford"), for its Answer to Plaintiff Susan Dau's Complaint, states and alleges as follows:

Except as admitted, qualified or affirmatively alleged in this Answer, Hartford denies each and every allegation in Plaintiff's Complaint.

## JURISDICTION

1. Hartford admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

## PARTIES

2. Hartford admits, upon information and belief, the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. With respect to the allegations contained in Paragraph 3 of Plaintiff's Complaint, Hartford admits that it is an insurance company authorized to do business in the State of Minnesota.

## **FACTS**

4.      With respect to the allegations set forth in Paragraph 4 of Plaintiff's Complaint, Hartford admits that Plaintiff was employed by TCF Financial Corporation ("TCF") at the time she allegedly became disabled.  Hartford denies, however, that Plaintiff was employed by TCF at all material times.

5.      With respect to the allegations set forth in Paragraph 5 of Plaintiff's Complaint, Hartford admits that TCF sponsored an employee welfare benefit plan which provided long-term disability ("LTD") insurance coverage and benefits to eligible plan participants and beneficiaries.  Hartford further admits that Plaintiff was a participant in the LTD plan.

6.      With respect to the allegations set forth in Paragraph 6 of Plaintiff's Complaint, Hartford admits only that it issued Group Policy GL/GLT-395171 (the "Policy") to TCF, and that the Policy sets forth the terms of the LTD plan sponsored by TCF.

7.      With respect to the allegations set forth in Paragraph 7 of Plaintiff's Complaint, Hartford states that to the extent that the plan has delegated discretionary authority to it, Hartford exercises a fiduciary duty as defined by the Employee Retirement Income Security Act of 1974 as amended, 29 U.S.C. § 1001, *et seq.*

8.      With respect to the allegations contained in Paragraph 8 of Plaintiff's Complaint, Hartford admits only that it approved and paid Plaintiff's claim for LTD benefits from October 6, 2011 through October 5, 2013.  Hartford specifically denies that

Plaintiff qualified for LTD benefits after October 5, 2013, and that she continues to be disabled as defined by the Policy.

  9. With respect to the allegations contained in Paragraph 9 of Plaintiff's Complaint, Hartford admits that Plaintiff made a claim for benefits under the LTD plan and that Hartford approved Plaintiff's claim for LTD benefits for the period of October 6, 2011 through October 5, 2013. Hartford further admits that it terminated Plaintiff's LTD benefits as of October 5, 2013, because she no longer qualified for them. Finally, Hartford admits that following Plaintiff's administrative appeal, it affirmed its initial decision to terminate Plaintiff's LTD benefits, notifying Plaintiff of this decision in correspondence dated March 20, 2014. Hartford denies any remaining allegations contained in Paragraph 9 of Plaintiff's Complaint.

  10. Hartford denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

  11. Hartford denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

  12. Hartford denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

## DEFENSES AND AFFIRMATIVE DEFENSES

  1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

  2. At all times and places mentioned in Plaintiff's Complaint, Hartford acted in a manner authorized and/or required by the applicable law and/or the terms of the plan

under which Plaintiff seeks benefits, which law and/or terms control Plaintiff's rights, if any, with regard to the matters alleged in her Complaint.

3. Hartford, at all times material hereto, handled Plaintiff's claim in a prompt, expedient and reasonable manner, and in light of the circumstances of which it is or was aware in compliance with the terms, conditions and limitations of the plan.

4. If Plaintiff recovers any benefits in this action, then those benefits must be reduced by the amount of any other income benefits Plaintiff receives, or is or may be entitled to receive, pursuant to the terms of the plan.

5. To the extent Plaintiff seeks a declaration of her continued eligibility for long-term disability benefits under the plan, Plaintiff's Complaint fails to state a claim upon which relief may be granted.

6. To the extent Plaintiff seeks such other and further relief that the Court deems just and equitable, Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**WHEREFORE**, based upon the above, Defendant Hartford Life and Accident Insurance Company requests that the Court dismiss the claims of Plaintiff with prejudice and award it costs, reasonable disbursements and attorneys' fees, and for whatever other relief is just and equitable.

Dated:  June 20, 2014  By  s/Bradley J. Betlach
Bradley J. Betlach     MN Bar No. 209806
***Attorneys for Defendant Hartford Life and Accident Insurance Company***
NILAN JOHNSON LEWIS PA
120 South Sixth Street, Suite 400
Minneapolis, MN  55402
Telephone:  (612) 305-7500
Facsimile:  (612) 305-7501
Email:    bbetlach@nilanjohnson.com